IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LUIS RIVERA OTERO,**

**Plaintiff,**

**v.**                                                                                  CIVIL NO. 15-1661 (GAG)

**AMGEN MANUFACTURING LIMITED,**

**Defendant.**

**OPINION AND ORDER**

Presently before the Court is Defendant Amgen Manufacturing Limited's ("Amgen") motion to dismiss the complaint for insufficient service of process (Docket No. 16), and Plaintiff Luis Rivera-Otero's ("Rivera-Otero") opposition thereto. (Docket No. 19). After reviewing the filings and the applicable law, service upon Amgen is **QUASHED**, and the request for dismissal is **DENIED**.

**I.      Relevant Factual and Procedural Background**

On May 26, 2015, Rivera-Otero brought suit against Amgen alleging that he was discriminated against in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*; the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §§ 621 *et seq.*, and supplemental state laws. (Docket No. 1.) More than three months later, Rivera-Otero filed an amended complaint. (Docket No. 7.) He later requested and was granted an extension of time to serve Amgen. (Docket Nos. 9 and 10.)

Rivera-Otero attempted to serve process upon Amgen within the extension of time provided. (Docket No. 14). However, Amgen received summons and a copy of the original

**Civil No. 15-1661**

complaint, instead of the amended complaint, which was the operative pleading. (See Docket No. 16-1.) Meanwhile, the extension of time to serve process expired. Amgen now moves to dismiss the complaint for improper service of process pursuant to Fed. R. Civ. P. 12(b)(5).[1] (Docket No. 16.) Rivera-Otero opposed arguing that "[d]ue to a clerical error[, a] . . . copy of the amended complaint was apparently not included with the original complaint served to Defendant." (Docket No. 19, at 2.) He further contends that since the amended complaint did not include additional causes of action, but eliminated a cause of action, Defendant was not prejudiced and had adequate notice. Id.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(5) allows a defendant to seek dismissal for a plaintiff's failure to sufficiently serve the defendant with process. FED. R. CIV. P. 12(b)(5). A party filing a motion under Rule 12(b)(5) "is essentially contesting the manner in which process of service was performed." Ramírez De Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R. 2006); Sánchez-Velázquez v. Municipality of Carolina, Civil No. 11-1586, 2012 WL 6726475ll (D.P.R. Dec. 27, 2012). Specifically, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2010). Once the sufficiency of service of process is challenged, the plaintiff has the burden of proving proper service. Rivera-López v. Municipality of Dorado, 979 F. 2d. 885, 887 (1st Cir. 1992).

---

[1] Defendant also requested dismissal pursuant to Fed. R. Civ. P. 12(b)(2). In this context, however, the motions under Fed. R. Civ. P. 12(b)(2) and 12(b)(5) "are interrelated and often used interchangeably." Robinson v. Turner, 886 F. Supp. 1460 (S.D. Ind. 1995) (citing Wright & Miller, supra, § 1353). "Some courts do not make a distinction between the two motions because, where there has been insufficient service of process, the court does not have personal jurisdiction over the individual." Id.

**Civil No. 15-1661**

A motion under Fed. R. Civ. P. 12(b)(5) –and 12(b)(4)– differ from other motions permitted by Rule 12(b) in that they provide the district court a course of action other than simply dismissing the case when the defendant's defense or objection is sustained. Wright & Miller, supra, § 1354. In other words, the court may convert the motion to dismiss under Fed. R. Civ. P. 12(b)(5) into a motion to quash service of process without dismissing the action. Id.

### III.   Discussion

Fed. R. Civ. P. 4(c) provides that "[a] summons must be served with a copy of the complaint… within the time allowed by Rule 4(m) . . ." FED. R. CIV. P. 4(c). Rule 4(m) requires a defendant to be served within 120 days after the complaint is filed.[2] If the defendant is not served within this period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Id. It further provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Here, Rivera-Otero tried to serve Amgen within the extension of time granted by the Court. Service, however, was improper. Once Rivera-Otero filed the amended complaint, the original pleading no longer performed any function in the case. 6 Wright & Miller, supra, § 1476. In order to comply with Fed. R. Civ. P. 4, Rivera-Otero had to serve Amgen with summons and a copy of the amended complaint.[3]

Moreover, the Court finds that a clerical error consisting simply of forgetting to include the amended complaint does not constitute "good cause" for purposes of Fed. R. Civ. P. 4(m). See

---

[2] On December 5, 2015, Fed. R. Civ. P. 4(m) was amended to provide plaintiff 90 days, instead of 120 days, to serve process.

[3] Contrary to Plaintiff's contention, service of summons with a copy of the original complaint (which contains a cause of action under ADEA that is not included in the amended complaint) proves misleading as to the nature of the claims in this suit. See e.g. Resto v. Banco Popular de Puerto Rico, Civ. No. 11-1324, 2012 WL 1565338 (D.P.R. May 2, 2012).

**Civil No. 15-1661**

Harvey v. Capital Children's Dental Ctr., No. 9-1836, 2010 WL 1294120, *2 (D.S.C. Mar. 4, 2010) (stating that "mere inadvertence… do not constitute good cause."). Good cause is likely to be found in the following circumstances:

> when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

4B Wright & Miller, supra, § 1137 (4th ed.); see also Moreno-Pérez v. Toledo-Dávila, 266 F.R.D. 46, 49-50 (D.P.R. 2010). The reason proffered by Plaintiff to justify the improper service does not fit any of the situations described above.

Although service of process was insufficient and no good cause was found, when faced with a request for dismissal under Fed. R. Civ. P. 12(b)(5), the Court has broad discretion to dismiss the action or retain the case and quash service of process. Ramírez de Arellano, 236 F.R.D. at 85. Because the initial defects in Rivera-Otero's service of process are easily curable and this was his first attempt to serve Amgen, this Court hereby quashes service of process and orders Rivera-Otero to properly serve Amgen by **April 29, 2016**. See id. at n.4; Torres v. Junta de Gobierno, 91 F. Supp. 3d 243 (D.P.R. 2015). In sum, dismissal of a claim under Rule 12(b)(5) is inappropriate when there are "'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." Ramírez de Arellano, 236 F.R.D. at 85 n.4. Accordingly, the Court hereby rules that Rivera-Otero' service upon Amgen is **QUASHED**, and the request for dismissal is **DENIED**. To decide otherwise would be a waste of the Court's and the parties' time and resources.

**Civil No. 15-1661**

## IV. Conclusion

For the reasons stated above, service upon Amgen is **QUASHED**, and Rivera-Otero's request for dismissal is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 20th day of April, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge